UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WARNER CHILCOTT LABORATORIES IRELAND LIMITED**, *et al.*, | Civ. No. 2:08-cv-06304 (WJM) |
| Plaintiffs, | **OPINION** |
| v. | |
| **IMPAX LABORATORIES, INC.**, *et al.*, | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Plaintiffs' appeal of Magistrate Judge Falk's October 4, 2011 Order striking a footnote in one of Plaintiffs' expert reports. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiffs' appeal is **DENIED**, and Judge Falk's October 4, 2011 Order is **AFFIRMED**.

**I.    BACKGROUND**

Warner Chilcott filed four related patent infringement actions in connection with its drug, "Doryx." In this action, Impax and Mylan are co-defendants. After the close of fact discovery, Plaintiffs' expert, Prof. Davies, issued an infringement report against Impax containing confidential information produced by Mylan. Specifically, in Footnote 41 of the report, Prof. Davies discusses the results of a test he conducted on Mylan's product based on information in Mylan's confidential materials. Impax was not put on

1

notice of Plaintiffs' intention to rely on these materials.  To date, only a single page of Mylan's documents have been produced to Impax, even though Prof. Davies considered at least 50 Mylan documents when drafting the report.  Tarantino Decl. Ex. 2, at 6, ECF No. 212-1.  Impax filed the instant motion to strike Footnote 41, and Judge Falk granted that motion on October 4, 2011.  See ECF No. 194.

## II. STANDARD OF REVIEW

A district court may reverse a magistrate judge's order if it finds the ruling to be clearly erroneous or contrary to law.  See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A).  The district court is bound by the clearly erroneous rule as to findings of fact, while the phrase "contrary to law" indicates plenary review as to matters of law.  *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992).  A finding is considered "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).  A decision is considered contrary to the law if the magistrate judge has "misinterpreted or misapplied applicable law."  *Doe v. Hartford Life Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006).

## III.   DISCUSSION

Judge Falk ruled that (1) the inclusion of Footnote 41 in Prof. Davies's report was a violation of the parties' Discovery Confidentiality Order ("DCO") (ECF No. 76); and that (2) the remedy for such a violation was exclusion of the footnote pursuant to *Meyers*

*v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977), *overruled on other grounds by Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985) ("*Pennypack*").  Each ruling will be addressed in turn.

### A. Violation of the Discovery Confidentiality Order

Paragraph 17 of the DCO prohibits Plaintiffs from using "Protected Information produced by a Defendant in [one case] in any other Related Case(s) that does not involve that same Defendant, unless the producing Defendant consents to the use of such information."

Judge Falk interpreted Paragraph 17 to mean that "one defendant's confidential information may not be used against another [defendant] absent the producing party's consent."  10/4/11 Hr'g Tr. 7:8-11, ECF No. 207-1.  In other words, under Judge Falk's interpretation, Mylan's confidential information can be used in any related case where Mylan is a party, but only against Mylan.  Judge Falk concluded that Plaintiffs' use of Mylan's confidential information to prove Impax's infringement was a violation of Paragraph 17.  Plaintiffs interpreted Paragraph 17 to mean that, if there is one case involving two defendants, Plaintiffs are permitted to use the confidential information of one defendant against the other defendant.  Plaintiffs reason that Paragraph 17 permits them to use Mylan's confidential information against Impax because, in one of the four related cases, Mylan and Impax are co-defendants.

Plaintiffs' interpretation of Paragraph 17 is illogical and runs contrary to the purpose of the DCO.  The purpose of the DCO is to protect each party against unnecessary disclosures of their confidential material.  *See* DCO at 3-4.  This purpose

3

would be undermined if Plaintiffs could unilaterally decide to reveal one defendant's confidential information to that defendant's direct competitors. Indeed, Plaintiffs' interpretation of the DCO would render Paragraph 17 meaningless for every party except Sandoz, as Sandoz is the only party that does not share a case with another defendant.[1]

Furthermore, Judge Falk's interpretation of Paragraph 17 is more consistent with the parties' understanding of the DCO. Judge Falk has managed these cases since their inception and has conducted at least nine case management conferences with the parties. 10/4/11 Hr'g Tr. 2:25-3:2. The record reflects that, throughout that time, all of the parties including Plaintiffs shared Judge Falk's understanding of the DCO. 10/4/11 Hr'g Tr. 7:8-15. For example, when Impax requested the Mylan materials that Plaintiffs used, Plaintiffs withheld production of those materials on the basis that Mylan did not consent to such a production. O'Malley Decl. Ex. 18, at 2, ECF No. 207-15; *see also* 10/4/11 Hr'g Tr. 7:15-20. This flies in the face of Plaintiffs' current interpretation of Paragraph 17, under which Plaintiffs are free to disclose Mylan's materials to Impax without Mylan's consent. The fact that Plaintiffs' position on the meaning of Paragraph 17 has shifted only recently provides yet another reason to favor Judge Falk's interpretation of the DCO. *See* 10/4/11 Hr'g Tr. 7:11-15. Therefore, the Court finds that Judge Falk correctly concluded that the inclusion of Footnote 41 would violate the DCO.

---

[1] Plaintiffs further argue that Paragraph 12 of the DCO supports their interpretation of Paragraph 17 because Paragraph 12 states that information designated as "Confidential – Attorneys' Eyes Only" may be disclosed to "[o]utside attorneys of record for any party." DCO ¶ 12; *see also* Pls.' Br. at 10. However, Plaintiffs argument ignores the first phrase of Paragraph 12, which provides that the paragraph will apply "[e]xcept as provided elsewhere in this Order." Thus, Paragraph 12 is entirely consistent with Judge Falk's interpretation of Paragraph 17: information designated as "Confidential – Attorneys' Eyes Only" may be disclosed to outside attorneys for any party except where that disclosure runs afoul of Paragraph 17.

### B. Exclusion of Footnote 41 Pursuant to *Pennypack*

*Pennypack* sets forth the five factors that courts in the Third Circuit consider when determining whether to exclude "critical evidence":  (1) the "prejudice or surprise" of the party against whom the evidence is brought, (2) the ability of that party to cure the prejudice, (3) the extent to which including the evidence would disrupt the orderly and efficient trial of the case, (4) bad faith or willfulness in failing to comply with the court's order, and (5) the importance of the evidence.  *Pennypack*, 559 F.2d at 904-05.

The five *Pennypack* factors weigh in favor of exclusion.  First, Impax would be prejudiced if it were required to rebut confidential information that it never received.  Second, considerable time and effort would be required to cure the prejudice: Impax would need to review Mylan's materials, purchase Mylan's products, test the samples, confirm their contents, and then revise its expert reports.  Third, allowing the footnote to be included now would be disruptive, as expert discovery is now closed and the parties are on the eve of trial.  Fourth, there is sufficient evidence to conclude that Plaintiffs willfully failed to comply with the DCO, as Plaintiffs relied on the DCO to justify *using* Mylan's materials against Impax, and then relied on the DCO to protect them from *disclosing* Mylan's materials to Impax.

Fifth, and perhaps most importantly, the value of Footnote 41 is minimal.  The footnote is an editorial comment on a point that Plaintiffs admit is supported by other evidence.  *See* 8/19/11 Hr'g Tr. 52:2-4, ECF No. 169.  If the Mylan tests were truly critical to the case against Impax, they would have warranted more than a footnote in Prof. Davies's expert report.  Moreover, if the Mylan tests were truly critical to the case

against Impax, Plaintiffs should have disclosed them earlier and allowed Impax to conduct discovery. Therefore, the Court finds that Judge Falk properly applied the *Pennypack* factors and properly excluded Footnote 41 from Prof. Davies's expert report.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' appeal is **DENIED**, and Judge Falk's October 4, 2011 Order is **AFFIRMED**. An appropriate Order follows.

          /s/ William J. Martini
      **WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 17, 2011.**