UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WARNER CHILCOTT LABORATORIES IRELAND LIMITED,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **IMPAX LABORATORIES, INC.,** *et al.*, <br><br> Defendants. | Civ. No. 2:08-cv-06304 (WJM) <br><br><br> **ORDER OF JUDGMENT** |
| **WARNER CHILCOTT LABORATORIES IRELAND LIMITED,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **MYLAN PHARMACEUTICALS INC.,** *et al.*, <br><br> Defendants. | Civ. No. 2:09-cv-02073 (WJM) |
| **WARNER CHILCOTT LABORATORIES IRELAND LIMITED,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **IMPAX LABORATORIES, INC.,** <br><br> Defendant. | Civ. No. 2:09-cv-01233 (WJM) |

1

**THIS MATTER** comes before the Court on a Complaint filed by Warner Chilcott Company, LLC, Warner Chilcott (US), LLC, and Mayne Pharma International Pty. Ltd. (collectively, "Plaintiffs") against Mylan Pharmaceuticals Inc. and Mylan Inc. ("Mylan") and Impax Laboratories, Inc. ("Impax") (collectively, "Defendants"), alleging that Defendants infringed United States Patent No. 6,958,161 ("the '161 Patent"); this matter having been tried before this Court; and the parties having completed post-trial briefing; and for the reasons set forth in the accompanying Opinion; and for good cause appearing;

**IT IS** on this 30th day of April 2012, hereby,

**ORDERED** that Mylan's motion for judgment on partial findings under Federal Rule of Civil Procedure 52(c) is **DENIED**; and it is further

**ORDERED** that Impax's motion for judgment on partial findings under Federal Rule of Civil Procedure 52(c) is **DENIED**; and it is further

**ORDERED** that Mylan's *Daubert* motion to preclude Plaintiffs from offering evidence related to Dr. Davies's humidity treatment (Docket No. 09-cv-2073, ECF No. 120) is **GRANTED**; and it is further

**ORDERED** that Impax's *Daubert* motion to preclude certain testimony of Dr. Davies (Docket No. 08-cv-6304, ECF No. 233) is **GRANTED**; and it is further

**ORDERED** that Final Judgment is hereby entered in favor of Mylan on the issue of patent infringement, finding that Mylan's generic products, described in Abbreviated New Drug Application ("ANDA") Nos. 90-431 and 91-052, do not infringe the '161 Patent; and it is further

**ORDERED** that Final Judgment is hereby entered in favor of Impax on the issue of patent infringement, finding that Impax's generic products, described in ANDA Nos. 90-505 and 91-132, do not infringe the '161 Patent; and it is further

**ORDERED** that Final Judgment is hereby entered in favor of Plaintiffs on the issue of anticipation, finding that the '161 Patent is valid and not anticipated by United States Patent No. 5,413,777; and it is further

**ORDERED** that Final Judgment is hereby entered in favor of Plaintiffs on the issue of obviousness, finding that the '161 Patent is valid and not obvious in light of prior art; and it is further

**ORDERED** that the Temporary Restraining Order entered on February 8, 2012 (Docket No. 08-cv-6304, ECF No. 269 and Docket No. 09-cv-2073, ECF No. 133) enjoining Mylan from launching a generic version of Doryx® 150 mg doxycycline hyclate delayed release tablets is **DISSOLVED**; and it is further

**ORDERED** that Mylan's request for attorneys' fees under 35 U.S.C. § 285 is **DENIED**; and it is further

**ORDERED** that Impax's request for attorneys' fees and expert fees under 35 U.S.C. § 285 is **DENIED**.

      /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**